## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 18-30-RGA |
| | ) |
| IAN W. MCMAHON, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Upon the joint motion of the parties, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. The "Subject Material" referenced in the Government's motion and provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case, are subject to this protective order and may be used by the defendant and his counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendant and his counsel shall not disclose the Subject Material directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. The defendant, his counsel, and authorized persons shall not copy or reproduce the Subject Material except in order to provide copies of the Subject Material for use in connection with this case by the defendant, his counsel, and authorized persons. Such copies and

reproductions shall be treated in the same manner as the original Subject Material.

4. The defendant's counsel shall maintain sole custody and control over the Subject Material.

5. The defendant's counsel may review the Subject Material with the defendant without restriction; provided, however, that defendant's counsel may not leave the Subject Material, or any summary, extract, or verbatim account of the Subject Material, in the defendant's custody or control.

6. The defendant, his counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing materials to an authorized person, the defendant's counsel must provide the authorized person with a copy of this Order.

8. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsels' case files. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any material is produced by the United States to the defendant or his counsel by mistake, the United States shall have the right to request the return of the material and

shall do so in writing. Within five days of the receipt of such a request, the defendant and/or his counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTERED BY:

*[signature]*

HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Date: July 24, 2018